```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SHIRLEY A. GUADAGNO,

                       Plaintiff,                    10-CV-6348
v.

MICHAEL S. ASTRUE,                                   ORDER
Commissioner of Social Security,

                       Defendant.
_____
```

## INTRODUCTION

Plaintiff, Shirley A. Guadagno("Plaintiff"), brought this action against the Commissioner of Social Security ("the Commissioner") after she was denied Social Security Disability and Supplemental Security Income on April 30, 2010. The parties stipulated to a remand of the case to the Social Security Administration for further proceedings pursuant to 42 U.S.C. § 405(g), because "significant portions" of the administrative transcript could not be located. Accordingly, on May 16, 2011, this Court Ordered the case remanded to the Social Security Administration for a new hearing before an Administrative Law Judge.

Plaintiff now moves for an award of attorney's fees pursuant to § 2412 of the Equal Access to Justice Act ("EAJA") in the amount of $4,192.36. Plaintiff also seeks an Order directing the Commissioner to pay the fee requested directly to her attorney,

1

Jere B. Fletcher, and that this Court specify a date by which such fees must be paid.  The Commissioner does not oppose an award of attorney's fees, but argues that the fees requested are unreasonable and should be reduced.  The Commissioner further argues that pursuant to the Supreme Court's recent decision in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the fee award belongs to the Plaintiff, and is therefore payable to her directly.  They also oppose Plaintiff's request that the fees be paid within a specific period of time.  For the reasons set forth below, this Court grants in part and denies in part Plaintiff's Motion for Attorney's Fees.

## DISCUSSION

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . .unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).  Here, the parties dispute whether the amount requested is reasonable and to whom and when the EAJA fee should be paid.

    A.   Reasonableness of the Fees

The fee applicant bears the burden of establishing that the requested fees are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Alnutt v. Cleary, 27 F.Supp.2d 395, 399

(W.D.N.Y.1998). In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." See Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." See Hensley, 461 U.S. at 433; Grant, 973 F.2d at 99. Defendant contends that the hours expended in this case were excessive and that Plaintiff has utilized a rate that is inapplicable to the Western District of New York. See Def. Br. at 2-6. The Court finds that the billing rates requested ($179.57 per hour for 2010 and $181.62 per hour for 2011) are reasonable. However, the Court finds that a 10% across the board reduction in fees is warranted for the reasons set forth below.

Attorney Fletcher's Affirmation and Plaintiff's Memorandum of Law in support of the instant motion indicate that Plaintiff's attorney spent 23.1 hours working on Plaintiff's case, which includes the time spent preparing the instant motion. (Docket #13-1.) As this Court recently noted in Wilson v. Astrue, No. 09-cv-6488, 2011 WL 1549471 (April 21, 2011),

> The Court has broad discretion to determine the amount of time reasonably expended. See Aston v. Sec'y. of Health and Human Serv., 808 F.2d 9, 11 (2d Cir.1986). The Court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. See Aston, 808 F.2d at 11; see also New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir.1983). District courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time. See e.g., Cruz v.

>Apfel, 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); Grey v. Chater, 1997 WL 12806 at *1 (S.D.N.Y.1997). Further, this time may include the time spent on EAJA fees applications. See Trichilo v. Secretary of Health and Human Services, 823 F.2d 702, 708 (2d Cir. 1987).

However, the fee applicant must also submit contemporaneous time records from his or her attorney which "specify, for each attorney, the date, the hours expended, and the nature of the work done." See Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, block-billed time entries may hinder the Court's ability to determine whether the fees requested are reasonable; and, in such cases, district courts are authorized to make across-the-board reductions, rather than undertaking a painstaking review of each time entry. See Green v. City of New York, 403 Fed. Appx. 626, 630, 2010 WL 5174937 (2d Cir. 2010).

In this case, Attorney Fletcher's time records are confusing, at best, and in some cases, impossible to decipher. For example, in a time entry dated June 23, 2010, for 2.2 hours Attorney Fletcher performed the following work: "TT MR.xyZ. Ofc. - Je: he'll today send copy of ALJ decision Conf. @ St.JNC, sign docs, copies. She wcb by Frid. a.m." Many of Attorney Fletcher's time entries read like this, and it is impossible for the Court to determine whether it was reasonable to spend 2.2 hours on these tasks. Also,

as exemplified by the above entry, Plaintiff's attorney block-bills tasks, similarly complicating this Court's determination of whether the fees requested are reasonable. Lastly, the Court notes that many of the tasks appear to be clerical in nature, for example, on July 27, 2010, Attorney Fletcher spent a certain amount of the .7 hours billed to "open & copy/print 7/26 2x EmsF Ct-wdny." The Court assumes, but cannot be certain, that this entry represents that Attorney Fletcher billed a certain amount of time - undecipherable based on the record - printing and copying the docket sheet or an entry from the docket sheet.

Based on the insufficiency of Attorney Fletcher's records, as described above, this Court finds that a 10% across the board fee reduction is warranted in this case. Accordingly, this Court awards Plaintiff EAJA fees in the amount of $3773.12.

B.  Fees are Payable to the Plaintiff

In a recent decision involving Plaintiff's attorney, this Court found that attorney's fees awards are payable to the Plaintiff pursuant to the Supreme Court's recent decision in Astrue v. Ratliff, 130 S.Ct. 2521, 2526-7 (2010), however, they may be mailed to the office of Plaintiff's attorney. See Wilson v. Astrue, No. 09-cv-6488, 2011 WL 1549471 (April 21, 2011). Accordingly, this Court Orders that the above fee be made payable to the Plaintiff and mailed to Plaintiff's attorney, Jere B. Fletcher, at his regular place of business.

Further, the Court finds that Plaintiff's request that fees be payable within a specific amount of time is reasonable and hereby Orders Defendant to pay such fees within 60 days of the date of this Order.

## **CONCLUSION**

For the reasons set forth above, this Court Orders the Defendant to pay Plaintiff $3773.12 in attorney's fees and to mail the award to the Plaintiff's attorney within 60 days of the date of this Order.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                s/ Michael A. Telesca
                                                      MICHAEL A. TELESCA
                                       United States District Judge

Dated:   Rochester, New York
        September 6, 2011